# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CORPORATE COMMUNICATION
SERVICES OF DAYTON, LLC,

        Plaintiff,

-v-

MCI COMMUNICATIONS
SERVICES, INC.
D/B/A VERIZON BUSINESS SERVICES,

        **Defendant.**

Case No. 3:08-CV-046

Judge Thomas M. Rose

---

**ENTRY AND ORDER OVERRULING CCS'S MOTION FOR RECONSIDERATION (Doc. #82)**

---

Now before the Court is Plaintiff Corporate Communication Services of Dayton, LLC's ("CCS's") Motion for Reconsideration filed on February 24, 2010. (Doc. #82.) Defendant MCI Communications Services, Inc. d/b/a Verizon Business Services ("MCI") has responded (doc. #86) and CCS has replied (doc. #87). CCS's Motion for Reconsideration is, therefore, ripe for decision.

Forty-seven days before trial, CCS asks this Court to reconsider its Order entered on November 9, 2009. CCS's Motion for Reconsideration was filed 107 days after the Order which CCS's wishes the Court to reconsider.

The Order grants MCI summary judgment on all of the claims involving the 409 Group, Inc.[1] CCS now argues that the contracts between CCS and MCI provide for the payment of commissions on 409 Group orders placed by MCI direct sales tagged with the CCS VAR and SP

---

[1] The 409 Group, Inc. was doing business as Check 'n Go ("CNG")

identification because the contracts permit MCI to determine order submission procedures. MCI responds that CCS's Motion for Reconsideration is "woefully" out of time, that there is no basis for reconsideration and, even if consideration on the merits was appropriate, CCS's latest argument would fail. Each of MCI's arguments will be considered seriatim.

## **Timeliness**

The Order that CCS wishes the Court to reconsider is interlocutory because it does not adjudicate all of the claims between the Parties. *See Leelanau Wine Cellars Ltd. v. Black & Red, Inc.*, 118 Fed. Appx. 942, 945-46 (6th Cir. 2004). A motion for reconsideration of an interlocutory order must be filed within a "reasonable time" after the entry of the order and before final judgment. *See Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 952 (6th Cir. 2004); *McConocha v. Blue Cross and Blue Shield of Mutual of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996). Finally, a district court has discretion as to whether or not to reconsider an interlocutory order. *Rodriguez*, 89 Fed. Appx. at 952.

CCS's Motion was filed before final judgment. CCS argues that filing its Motion for Reconsideration 107 days after entry of the Order that it wishes to have reconsidered is reasonable but offers no reason for why it took 107 days. MCI argues that CCS's 107-day delay is unreasonable and that MCI will be prejudiced by being forced to readdress and relitigate claims that it thought were long ago settled. CCS made its Motion for Reconsideration after the first Final Pretrial Conference held on this matter, on the eve of the second and last Final Pretrial Conference and only 47 days before trial.

Under the circumstances present in this case, 107 days is unreasonable, particularly since no reason is given for the delay and particularly since the filing of a motion for reconsideration

was not mentioned at the first Final Pretrial Conference. Further, MCI would be severely prejudiced if the Motion were granted such a short time before the Trial date.

## Basis for Reconsideration

Interlocutory orders are generally reconsidered when at least one of three factors is present. *Rodriguez*, 89 Fed. Appx. at 959. The three factors are: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Id*. Further, motions to reconsider interlocutory orders are not intended to be used to relitigate issues previously considered. *Blair v. Board of Trustees of Sugarcreek Township*, No. 3:07-CV-056, 2008 WL 4372665 at *4 (S.D. Ohio Sept. 22, 2008).

CCS cites no new law or new evidence in its Motion for Reconsideration. CCS does, however, present a new argument as to why the contracts between it and MCI provide for the payment of commissions. This is an argument that it could have made when the Motion for Summary Judgment was being briefed. Said another way, CCS's Motion for Reconsideration is an attempt to relitigate issues previously considered. None of the three factors that would result in reconsideration are present in CCS's Motion.

## Merits

As this Court has already determined, the express terms of the contracts between CCS and MCI do not provide for payment of commissions on orders not submitted by CCS. With this CCS agrees.

CCS, however, argues that the Court should consider evidence outside those contracts because the contracts provide that MCI determines the order submission procedures. The extrinsic evidence that CCS now wishes the Court to consider is not, however, the order

submission procedures. CCS wishes the Court to consider evidence that MCI policies permitted payment of commissions to CCS on teamed accounts on orders submitted by CCS.

There are at least two problems with this argument. First, the agreements to which CCS refers are clear and unambiguous and, therefore, extrinsic evidence may not be considered. Second, the contract language under which CCS wishes to introduce extrinsic evidence regarding the payment of commissions simply tells CCS that it will submit orders to MCI according to MCI procedures. Nothing is said about commissions in the contract language cited by CCS. Thus, even if the contracts were ambiguous about the submission of orders, the extrinsic evidence that CCS wishes to introduce would be irrelevant.

In urging the Court to consider the extrinsic evidence, CCS cites caselaw for the proposition that the "primary and paramount" objective of a court when construing any written agreement is to determine the intent of the parties. *See Saunders v. Mortensen*, 801 N.E.2d 452, 454 (Ohio 2004). What CCS forgot to add was that a court is to presume that the intent of the parties to a contract is within the language used in the written instrument. *Id.* In this case, the Court has presumed that the intent of CCS and MCI is within the language used in their contracts and the express terms of their contracts do not provide for payment of commissions on orders not submitted by CCS.

## **Conclusion**

CCS's Motion for Reconsideration is not timely and is thus denied on that basis. If it were timely, it would be denied because CCS does not identify new law, new evidence or the need to correct error or prevent injustice. If CCS's Motion for Reconsideration was not denied because it was untimely or did not meet the legal requirements for reconsideration, it would be denied on its

merits.

**DONE** and **ORDERED** in Dayton, Ohio this 19th day of March, 2010.

                                                                  **s/Thomas M. Rose**

                                                    _____
                                                          THOMAS M. ROSE
                                            UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record