UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CORPORATE COMMUNICATION
SERVICES OF DAYTON, LLC,

        Plaintiff,

-v-

MCI COMMUNICATIONS
SERVICES, INC.
D/B/A VERIZON BUSINESS SERVICES,

        Defendant.

Case No. 3:08-CV-046

Judge Thomas M. Rose

---

**ENTRY AND ORDER GRANTING IN PART AND OVERRULING IN PART MCI'S THIRD MOTION IN LIMINE (Doc. #81)**

---

This matter comes now before the Court on a Third Motion In Limine submitted by Defendant MCI Communications Services, Inc. d/b/a Verizon Business Services ("MCI"). Plaintiff Corporate Communication Services of Dayton, LLC ("CCS") opposes this Motion and MCI has informed the Court that it does not intend to reply. The Motion is, therefore, ripe for decision.

MCI seeks to preclude CCS from using, referring to or discussing three categories of evidence. The first category is thirty-eight (38) exhibits allegedly referring only to the CCS account. The second category is the Unverferth/HCF/ICP account and the third category is the Hobart/PMI/ITW account. The relevant legal provisions will first be set forth followed by an analysis of each of the categories of evidence that MCI wishes to preclude.

**RELEVANT LEGAL PROVISIONS**

The practice of ruling on motions in limine, although not specifically authorized by the

Federal Rules of Evidence or the Federal Rules of Civil Procedure, has developed pursuant to the district court's inherent authority to manage the conduct of trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The purpose of a motion in limine is to permit the Court to decide evidentiary issues in advance of trial in order to avoid delay and ensure an evenhanded and expeditious trial. *See Indiana Insurance Co. v. General Electric Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004)(citing *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997)). Decisions on motions in limine may also save the parties time and cost in preparing for trial and presenting their cases.

Evidence is generally admissible if it is relevant and not unfairly prejudicial. *Reed v. National Linen Service*, No. 97-5545, 1999 WL 407463 at *7 (6th Cir. June 2, 1999). However, because it is almost always better situated during the actual trial to assess the value and utility of evidence, a court is reluctant to grant broad exclusions of evidence in limine. *Koch v. Koch Industries, Inc.*, 2 F. Supp.2d 1385, 1388 (D. Kan. 1998), *aff'd in part and rev'd in part on other grounds*, 203 F.3d 1202 (10th Cir. 2000), *cert. denied*, 531 U.S. 926 (2000). A court will generally not grant a motion in limine unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible. *Indiana Insurance*, 326 F. Supp.2d at 846. If this showing is not made, evidentiary rulings should be deferred and resolved in the context of the trial. *Id.*

Ultimately, whether a motion in limine is granted or overruled is a matter left to the sound discretion of the trial court. *See Hesling v. CSX Transportation, Inc.*, 396 F.3d 632, 643-44 (5th Cir. 2005). Each of the pending motions in limine will next be addressed keeping in mind that the overruling of a motion in limine at this stage in the proceedings does not necessarily

mean that the subject evidence will be admissible in the context of the trial.

## THE THIRTY-EIGHT EXHIBITS

MCI argues that the thirty-eight (38) exhibits that it has identified pertain to nothing but CNG. The CNG claims have been fully adjudicated and MCI argues that these exhibits are no longer relevant.

CCS requests leave to withdraw all but six (6) of these exhibits. This request is hereby granted. Remaining at issue are PX 68, PX 90, PX 98, PX 99, PX 104 and PX 105.

CCS argues that PX 68 is relevant because it describes a new step in the teaming process. This Court has already determined that the clear and unambiguous language of the VAR and SP Agreements obligated MCI to pay commissions to CCS only on orders CCS submitted to MCI. Therefore, the teaming process and orders submitted by the "team" are irrelevant to the issues to be tried. MCI's Motion In Limine regarding PX 68 is granted.

CCS next argues that PX 90 is relevant because it confirms the necessity for all teamed orders to be tagged with the "SPID" or "VARID" and is relevant with respect to the order submission process required by MCI. However, as said above, this Court has already determined that the clear and unambiguous language of the VAR and SP Agreements obligated MCI to pay commissions to CCS only on orders CCS submitted to MCI. Therefore, the teaming process and how orders submitted by the "team" are tagged is irrelevant to the issues to be tried. MCI's Motion In Limine regarding PX 90 is granted.

CCS next argues that PX 98 is relevant with respect to a meeting between Mr. Hippenmeyer and Shelly Ashwill-Powers wherein teaming issues were discussed and the Unverferth account was also discussed. As discussed above, teaming issues are irrelevant to the

issues to be tried. As discussed below, evidence regarding the Unverferth account is irrelevant to the issues to be tried. MCI's Motion In Limine regarding PX 98 is granted.

CCS next argues that PX 99, a letter from John Devine, MCI Associate Counsel, to Mr. Hippenmeyer is relevant with respect to Mr. Hippenmeyer's knowledge of the identity of Mr. DeVine and Mr. Devine's role in terminating payment of evergreen commissions in August of 2008. The payment of evergreen commissions is relevant to the issues to be tried in this case. MCI has not yet met its burden of showing that PX 99 is clearly inadmissible. MCI's Motion In Limine regarding PX 99 is overruled.

CCS next argues that PX 104, a second letter from John DeVine to Mr. Hippenmeyer is relevant for the same reason that PX 99 is relevant. As with PX 99, MCI has not yet met its burden of showing that PX 104 is clearly inadmissible. MCI's Motion In Limine regarding PX 104 is overruled.

For its final argument regarding the 38 exhibits, CCS asserts that PX 105 is relevant because it references a commission dispute between MCI and CCS and confirms the process MCI designated for dispute resolution. Whether or not CCS properly disputed the non-payment of commissions is an issue for the trial of this matter. Therefore, MCI has not yet met its burden of showing that PX 105 is clearly inadmissible. MCI's Motion In Limine regarding PX 105 is overruled.

CCS also argues that PX 68, PX 90, PX 98, PX 99, PX 104 and PX 105 may be relevant and admissible depending upon the testimony of witnesses at trial. CCS is, of course, free to argue at trial that one or more of these exhibits is relevant based upon the testimony offered at trial.

## THE UNVERFERTH/HCF/ICP ACCOUNT

MCI argues that sales to the Unverferth/HCF/ICP account are irrelevant because CCS has admitted that it never directly submitted any orders for the Unverferth/HCF/ICP account and the clear and unambiguous language of the contracts between CCS and MCI provides that orders upon which commissions are paid must be submitted directly by CCS.

CCS responds that CCS introduced MCI to Unverferth/HCF/ICP and MCI decided that this account would be teamed. Further, MCI treated teamed orders tagged by MCI direct sales as submitted directly by CCS and paid commissions to CCS on those orders.

The language of the contracts is clear. For CCS to receive commissions on an order, CCS must have submitted the order. CCS admits that it did not directly submit any orders for the Unverferth/HCF/ICP account. Therefore, sales to the Unverferth/HCF/ICP account are irrelevant. MCI's Motion In Limine regarding sales to the Unverferth/HCF/ICP account is granted.

## THE HOBART/PMI/ITW ACCOUNT

MCI argues that evidence regarding the Hobart/PMI/ITW account is irrelevant because no orders for this account were submitted directly by CCS and because, whatever orders CCS submitted to MCI for the Hobart/PMI/ITW account occurred prior to the December 31, 2006, termination of the SP Agreement and were governed by the original Master Service Agreement between ITW and MCI. CCS responds that Mr. Hippenmeyer will testify that CCS directly submitted most of the orders on the Hobart/PMI/ITW account

MCI has not met it burden of showing that no orders on the Hobart/PMI/ITW account were submitted directly by CCS and the timing of specific orders has not yet been identified.

Therefore, MCI's Motion In Limine regarding evidence about the Hobart/PMI/ITW account is overruled.

## SUMMARY

MCI's Third Motion In Limine (doc. #81) is **GRANTED IN PART** and **OVERRULED IN PART**. Thirty-two (32) of the thirty-eight (38) exhibits that were the subject of MCI's Third Motion In Limine have been withdrawn. Based upon the argument of the Parties, exhibits PX 68, PX 90 and PX 98 are inadmissible. However, MCI has not met its burden at this time of showing that PX 99, PX 104 and PX 105 are inadmissible. Further, based upon the argument of the Parties, sales to the Unverferth/HCF/ICP account are irrelevant and therefore inadmissible at this time. Evidence regarding the Hobart/PMI/ITW account may be relevant and, therefore, admissible.

**DONE** and **ORDERED** in Dayton, Ohio this Twelfth Day of April, 2010.

                                                           **s/Thomas M. Rose**

                                                THOMAS M. ROSE
                                     UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record