# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CORPORATE COMMUNICATION
SERVICES OF DAYTON, LLC,

    Plaintiff,

-v-

MCI COMMUNICATIONS
SERVICES, INC.
D/B/A VERIZON BUSINESS SERVICES,

    Defendant.

Case No. 3:08-CV-046

Judge Thomas M. Rose

---

**ENTRY AND ORDER GRANTING IN PART AND OVERRULING IN PART MCI'S MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS (Doc. #105) AND AWARDING MCI $361,773.99 FOR ATTORNEY'S FEES AND COSTS**

---

This matter arose from a business relationship between Plaintiff Corporate Communication Services of Dayton, LLC ("CCS") and Defendant MCI Communications Services, Inc. d/b/a Verizon Business Services ("MCI").

## RELEVANT PROCEDURAL BACKGROUND

CCS's initial Complaint was filed in the Court of Common Pleas of Montgomery County, Ohio on January 14, 2008, and was subsequently removed to this Court on February 19, 2008 (doc. #1). On April 20, 2009, CCS filed an Amended Complaint. (Doc. #14.) It is CCS's Amended Complaint that was adjudicated.

CCS's Amended Complaint brought eight Claims for Relief against MCI. (Doc. #14.) CCS's First Claim for Relief was for breach of contract. The Second Claim for Relief was for fraudulent inducement and the Third Claim for Relief was for negligent misrepresentation.

CCS's Fourth Claim for Relief was for mistake and its Fifth Claim for Relief was for violation of Ohio Rev. Code § 1335.11 (the "§ 1335.11 claim"). The Sixth Claim for Relief was for unjust enrichment, the Seventh was for promissory estoppel and the Eighth was for unconscionability, reformation and recision. MCI asserted a counterclaim for attorneys' fees on CCS's Fifth Claim for Relief for violation of Ohio Rev. Code § 1335.11.

CCS made a Motion for Partial Summary Judgment on its claims for breach of contract and violation of Ohio Rev. Code § 1335.11. (Doc. #26.) MCI made a Motion for Summary Judgment on all of CCS's Claims and on its Counterclaim. (Doc. #25.) The Court granted summary judgment to MCI on CCS's claims for fraudulent inducement, negligent misrepresentation, mistake, unjust enrichment, promissory estoppel and unconscionability, reformation and recision.

Summary judgment was not granted on CCS's breach-of-contract claim, CCS's § 1335.11 claim and MCI's counterclaim for attorneys' fees pursuant to § 1335.11. CCS's breach-of-contract and § 1335.11 claims were ultimately tried to a Jury beginning April 12, 2010. At the close of CCS's presentation of their case, the Court granted MCI's Motion for Judgment as a Matter of Law on CCS's breach-of-contract and § 1335.11 claims. MCI's counterclaim for attorneys' fees pursuant to § 1335.11 remained to be decided by the Court.

CCS then appealed this Court's final judgment and prior decisions. (Doc. #104.) The Sixth Circuit affirmed (doc. #114), and the Mandate issued on January 31, 2012 (doc. #116).

The day after CCS appealed, MCI filed a Motion for Attorneys' Fees. (Doc. #105.) This Motion was stayed pending the outcome of the appeal. (Doc. #110.)

Following issuance of the Mandate, MCI filed a bill of costs seeking $2,952.70. CCS did

not respond and that amount was awarded to MCI as costs. (Doc. #125.)

Also following issuance of the Mandate, this Court lifted the stay and set a briefing schedule on MCI's Motion for Attorneys' Fees. (Doc. #122.) MCI's Motion for Attorneys' Fees is now fully briefed and ripe for decision.

**STANDARD OF REVIEW**

The prevailing party in an action brought under § 1335.11 is entitled to reasonable attorney's fees and court costs. Ohio Rev. Code § 1335.11(D). The Supreme Court has established the definition of a prevailing party and the standard for the determination of an award of reasonable attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A party is considered a prevailing party for purposes of attorneys' fees if "they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Id.* at 433(citing *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)).

The district court has discretion to determine the amount of a fee award. *Id.* at 437. It may identify specific hours that should be eliminated or may simply reduce the award to account for limited success. *Id.* at 436. Yet, the district court must provide an adequate explanation of the reasons for its award and the manner in which the award was determined. *Geier v. Sunddquist*, 372 F.3d 784, 791 (6th Cir. 2004).

The starting point for a determination of the amount of an attorneys' fee award is a determination of the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433. This is known as the "lodestar" amount. A reasonable fee award is one that is "adequate to attract competent counsel, but does not produce windfalls to attorneys". *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995)(citing *Blum v. Stenson*, 465 U.S.

886, 897 (1984)).

The lodestar amount may be increased or reduced by the Court based upon the results obtained. *Hensley*, 461 U.S. at 434. Finally, the party seeking an attorneys' fee award had the burden of establishing entitlement to the award and documenting the appropriate hours expended and hourly rates. *Id.* at 437.

The number of hours requested may be reduced if the documentation of the hours is inadequate or if the hours were not reasonably expended. *Id.* at 433-34. Also, the counsel requesting the attorneys' fees should exclude hours that are excessive, redundant or otherwise unnecessary from the request. *Id.* at 434. Finally, hours that are not properly billed to an attorney's client are not to be included in a fee request. *Id.*

The guideline for a reasonable hourly rate is the prevailing market rate. The prevailing market rate is defined as "the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier,* 372 F.3d at 791.

When fees are sought for an out-of-town specialist, the court must determine (1) whether hiring the out-of-town specialist was reasonable and (2) whether the rates sought by the out-of-town specialist are reasonable for an attorney of his or her degree of skill, experience and reputation. *Hadix*, 65 F.3d at 535. Further, the court may question the reasonableness of an out-of-town attorney's billing rate if there was reason to believe that competent counsel was readily available locally at a lower rate. *Id.*

## ANALYSIS

### Entitlement To Attorneys' Fees

The first issue to be decided is whether MCI is entitled to attorneys' fees and, if so, for

which claims. CCS argues that MCI is seeking attorneys' fees which are not recoverable based upon the claims that CCS made. MCI responds that it is only seeking attorneys' fees based upon its Ohio Rev. Code § 1335.11 Counterclaim. Thus, whether MCI is entitled to any attorneys' fees turns on whether § 1335.11 provides for attorneys' fees in this case.

CCS's Amended Complaint alleges that MCI refused to pay commissions that it owed in violation of § 1335.11. According to the Amended Complaint, the commissions that MCI owed were based upon contracts between CCS and MCI, called the VAR and SP Agreements. MCI's Counterclaim asserts that MCI has no liability to CCS under these contracts and is entitled to recover its reasonable attorneys' fees from CCS pursuant to § 1335.11.

Section 1335.11(D) provides that a principal who fails to pay all commissions due or who fails to comply with any contractual provision concerning timely payment of commissions due upon termination of a contract with a sales representative is liable for exemplary damages in an amount not to exceed three times the amount of the commissions owed if the sales representative proves that the principal's failure to comply with § 1335.11 constituted wilful, wanton, or reckless misconduct or bad faith. Further, the prevailing party in an action brought under § 1335.11(D) is entitled to reasonable attorneys' fees and court costs.

It is undisputed that CCS was a sales representative and MCI was a principal under § 1335.11. What was disputed was whether MCI failed to comply with contract provisions concerning the payment of commissions.

To obtain relief under § 1335.11, CCS had to prove that MCI breached VAR and SP contract provisions that required MCI to pay commissions. To obtain relief under § 1335.11 MCI had to prove that it did not breach these contract provisions requiring it to pay commissions.

Thus, pursuant to § 1335.11, to be entitled to reasonable attorneys' fees and court costs, MCI had to prove that it did not breach VAR and SP contract provisions requiring it to pay commissions.

CCS's First Claim for Relief for breach of the VAR and SP Agreements and its Fifth Claim for Relief for violation of § 1335.11 were presented to a jury. MCI was granted Judgment As a Matter of Law on these two claims and CCS's Appeal of that Judgment was unsuccessful. Thus, MCI has shown that it did not violate the VAR and SP Agreements.

CCS now argues that MCI, as a prevailing party, is only entitled to attorneys' fees for defending the § 1335.11 claim and is not entitled to attorneys' fees attributable to the breach-of-contract claims. Ohio law provides that, when there are claims in a case that can be separated into those for which attorneys' fees are recoverable and those for which no fees are recoverable, the court must award fees only for the amount of time spent pursuing the claim for which fees may be awarded. *Fine v. U.S. Erie Islands Co., LTD.*, No. OT-07-048, 2009 WL 826526 at *10 (Ohio Ct. App. Mar. 31, 2009). Further, § 1335.11 clearly states that a contract governing the payment of commissions would control the determination of whether attorneys' fees are due. *Ligman v. Realty One Corp.*, No. 23051, 2006 WL 2788598 at *3 (Ohio Ct. App. Sept. 29, 2006).

CCS's breach-of-contract claim is not separable from its § 1335.11 claim because CCS had to show that the VAR and SP were breached in order to be successful on its § 1335.11 claim. Thus, MCI is entitled to attorneys' fees incurred in proving that the VAR and SP were not breached.

CCS's argument is based on the holding in *Kosta v. Ohio Outdoor Advertising Corp.*, 659 N.E.2d 810 (Ohio Ct. App. 1995). In *Kosta*, Ohio's Eleventh District Court held that "an award

of attorney fees should be limited to compensate for legal services the trial court finds on remand were reasonable and necessary to defend the statutory claim and not for services attributable to the defense of the contract claim." *Id.* at 811-12. The *Kosta* Complaint was for two Counts: one for violation of § 1335.11 for failing to pay commissions due on advertising contracts and the other for breach of an employment contract by failing to pay commissions and bonuses due. *Id.* at 811.

This Court declines to rely on the Kosta opinion, and finds that the *Kosta* opinion is not well-taken for at least three reasons. First, it defies a plain reading of § 1355.11. Second, it relies upon *Smith v. Padgett*, 513 N.E.2d 737 (Ohio 1987) which involved multiple separate claims and involved damages for one of those claims for wrongful withholding of a tenant's security deposit in violation of Ohio Rev. Code § 5321.16. *Smith* did not involve § 1335.11. Third, the other case that the *Kosta* opinion relies on is *Horne v. Clemens*, 495 N.E.2d 441 (Ohio Ct. App. 1985), which involved three separable claims brought under 42 U.S.C. § 1983. *Horne* did not involve § 1335.11.

In sum, MCI was the prevailing party on CCS's §1335.11 claim. To be successful on CCS's § 1335.11 claim, MCI had to show that it did not breach the VAR or SP agreements. Thus, MCI is entitled to attorneys' fees for prevailing on CCS's § 1335.11 claim including fees for showing that it did not breach the VAR or SP agreements. The foregoing having been established, the next step is to determine a reasonable number of hours worked on the § 1335.11 claim and breach of the VAR and SP Agreements claim.

**Reasonable Number of Hours**

MCI has submitted time sheets showing the number of hours worked on the § 1335.11

claim and breach of the VAR and SP claim and the appeal thereof. (Affidavit of Lawrence D. Walker ("First Walker Aff.") ¶ 8 Apr. 27, 2010; Supplemental Affidavit of Lawrence D. Walker ("Second Walker Aff.") ¶ 6 Feb. 23, 2012.) The Affidavits and the Motion and Supplemental Motion indicate 812.35 hours worked on the § 1335.11 claim and the breach of the VAR and SP claim, and 183 hours worked on the appeal of these two claims.[1] (First Walker Aff. ¶ 9; Second Walker Aff. ¶ 7.) MCI was the prevailing party on the § 1335.11 and breach-of-contract claims and on the Appeal.

Mr. Lawrence D. Walker ("Walker"), MCI's counsel, avers that he has deleted from the time sheets all time entries which were not directly related to the actual defense of the § 1335.11 claims. (First Walker Aff. ¶ 8.) Such deletions include time pertaining to CCS's claims for fraud, negligent misrepresentation, reformation, mistake and unconscionability. (Id.) Also deleted was time spent on motions where MCI was not the prevailing party, such as CCS's motion to extend discovery and amend the complaint and MCI's second motion in limine and motion to dismiss for lack of prosecution. (Id.) Also deleted was time recorded for reports to and consultations with attorneys in MCI's legal department. (Id.)

When asked to provide evidence of the hourly rate and number of hours actually paid, MCI provided a Verified Response which included a copy of the running account maintained by the Accounting Department of Taft Stettinius & Hollister LLP showing the dollar amount of all invoices submitted by the Taft firm to MCI, all adjustments MCI made to each invoice and the amount MCI paid for each invoice. While the "running account" is not evidence of the hourly

---

[1] The time sheets submitted with the Affidavits indicate totals of hours worked that exceed the hours requested.

rate and the number of hours actually paid, as requested by the Court, the Verified Response does provide other helpful information.

The Verified Response indicates that the hourly rate paid for Walker was $415. The Verified Response also indicates that MCI made fee adjustments before paying. First, MCI reduced each invoice, after other adjustments, by 2% of the face amount as a "processing fee." Second, MCI rejected or reduced certain time entries because they were for what MCI considered to be administrative or clerical tasks, services which MCI believed could have been performed by paralegals instead of partners, attorney travel time to and from Dayton, Ohio, and what MCI considered to be excessive hours devoted to drafting the Sixth Circuit brief.

To determine a reasonable number of hours, then, the Court will begin with the number of hours requested, all of which are supported by time records. MCI requested attorneys' fees for 812.35 hours worked on the § 1335.11 claim and the breach of the VAR and SP claim, and 183 hours worked on the appeal of these two claims. These amounts will be reduced based upon the adjustments made by MCI who paid for these services.

The first adjustment is a reduction of 90.1 hours for travel time. MCI refused to pay for the travel time between Columbus and Dayton. The Court believes that the same reasoning must be applied to all of the travel time being requested.

Additional reductions made by MCI are as follows:

    1.0 hours on 3/26/2009 because MCI does not pay for time spent preparing a case budget
    0.3 hours on 2/17/2010 because efiling is to be done by administrative/clerical
    0.3 hours on 2/23/2010 because efiling is to be done by administrative/clerical
    2.5 hours on 4/5/2010 because organization of documents should be done by paralegals
    0.5 hours on 4/14/2010 because replacing files is clerical work
    0.5 hours on 4/20/2010 because work is to be done by administrative/paralegal

      1.0 hours on 9/2/2010 because the hours seemed excessive to MCI
      1.5 hours on 9/7/2010 because work should be overhead and/or general billing
      1.3 hours on 9/13/2010 because of brief length
      <u>9.3</u> hours in 10/2010 to reduce time charged for answer brief
      18.2 total additional reductions

This matter involved more than two (2) years of litigation followed by an appeal. The litigation entailed extensive discovery, extensive motion practice, several motions in limine and the addition, during the litigation, of seven (7) additional accounts for which CCS was seeking commissions. MCI is seeking a total of 995.35 hours (812.35 + 183). This total is reduced by travel time charged (90.1) and additional reductions (18.2). Thus a reasonable number of hours worked on the § 1335.11 claim and the breach of the VAR and SP claim and on the appeal of these two claims is 887.05 hours.

CCS disputes the number of hours expended for which MCI should be awarded attorneys' fees. CCS's disputes fall into two general categories. First, CCS argues that MCI's determination of hours is inadequate because MCI does not differentiate between time spent defending the breach-of-contract claim and the time spent defending the § 1335.11 claim. However MCI does not need to distinguish between the two because, as determined above, MCI is entitled to attorneys' fees for prevailing on CCS's § 1335.11 claim including fees for showing that it did not breach the VAR or SP agreements. Second, CCS argues that there is no indication that MCI's time entries do not include time spent on claims other than the § 1335.11 and breach of contract claims. However, MCI has presented evidence that the time spent on the other claims has been redacted from the time requested.

CCS also disputes the time charged to travel. However, this issue has been addressed above.

**Reasonable Hourly Rate**

MCI presents evidence that the standard billing rate for Walker is $415 per hour. (First Walker Aff. ¶ 5.) Walker's practice has been concentrated in general commercial litigation with particular emphasis on breach of contract matters, trade secret litigation, business torts, employment litigation and legal malpractice. (Id. at ¶ 4.)

MCI has also presented Affidavits from David C. Greer and D. Jeffrey Ireland, both are located in Dayton, Ohio and both practice before the United States District Court for the Southern District of Ohio. (Affidavit of David C. Greer ("Greer Aff.") ¶¶ 1 and 2 Apr. 27, 2010; Affidavit of D. Jeffrey Ireland (Ireland Aff.") ¶¶ 1 and 4 Apr. 28, 2010.) Both are of the opinion that $415 per hour is reasonable and customary in Dayton, Ohio for the work performed by Walker. (Greer Aff. ¶ 4; Ireland Aff. ¶ 10.)

Finally, MCI has presented evidence that it paid Walker $415 per hour for the services that he provided in this case. (Defendant's Verified Response.) However, MCI has also presented evidence that MCI reduced each invoice, after other adjustments, by 2% as a "processing fee."

CCS argues that Walker's hourly rate is unreasonable in Dayton. However, instead of presenting evidence of what the rate should be, CCS cites to a case where Judge Rice reduced the hourly rate of a Columbus attorney from $300 to $225 per hour. *See Ousley v. General Motors Retirement Program for Salaried Employees,* 496 F. Supp.2d 845 (S.D. Ohio 2006). However, in *Ousley*, Judge Rice had only an affidavit from a Columbus attorney and the case involved ERISA matters and not complex business matters.

In this case, the Court finds that an hourly rate of $406.70 is reasonable. This rate is

reached by reducing the $415 per hour billing rate paid by MCI by the 2% processing fee.

**Court Costs**

In its initial Motion, MCI sought an award of $3933.45 in court costs. Court costs include filing fees and the court reporter's fees for depositions actually used by the prevailing party. *See Kennedy v. University of Cincinnati Hospital*, 656 N.E.2d 424, 426 (Ohio Ct. Cl. 1995); *Boomershine v. Lifetime Capital, Inc.*, 913 N.E.2d 520, 523 (Ohio Ct. App. 2009).

On February 24, 2012, the Clerk of Courts granted a Bill of Costs submitted by MCI for $2,952.70. This included $2,572 for the Hiippenmeyer and Bawa Depositions. MCI then reduced its outstanding request to $1,010.75, the cost of the Rozinsky and Doblier depositions.

The cost of the depositions of Hippenmeyer and Bawa were taxed by the Clerk because these depositions were used in MCI's successful motion for summary judgment. The $1,010.75 cost of the Rozinsky and Doblier depositions are reimbursable because these depositions were used in response to CCS's Partial Motion for Summary Judgment and in response to CCS's Motion for Reconsideration of this Court's Entry and Order regarding CCS's Partial Motion for Summary Judgment.

**CONCLUSION**

MCI is entitled to attorneys' fees and costs incurred in defending the § 1335.11 claim and breach of the VAR and SP Agreements claim. A reasonable number of hours for this effort is 887.05 hours. A reasonable hourly rate for Walker is $406.70. Therefore, MCI is entitled to an attorneys' fees in the lodestar amount of $360,763.24. There is no argument for a modification of the lodestar amount and the Court makes none. MCI is also entitled to additional costs in the amount of $1,010.75.

MCI's Motion for an Award of Attorney's Fees and Court Costs is GRANTED IN PART and OVERRULED IN PART. MCI is awarded $361,773.99.

**DONE** and **ORDERED** in Dayton, Ohio this 5th day of June, 2012.

**s/Thomas M. Rose**
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record